**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 11 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: Christopher Paul Richmond and Linda Maribeth Richmond, | Case No.: 15-30853 |
| Debtor(s). | Adv. Pro. No. 15-03052 |
| | Chapter 13 |
| Christopher Paul Richmond, | Hon. Mary Ann Whipple |
| Plaintiff, | |
| v. | |
| National Collegiate Student Loan Trust 2007-2, | |
| Defendant. | |

### ORDER

Plaintiff is one of the joint Debtors in the underlying Chapter 13 case. He filed and then quickly voluntarily dismissed his complaint to determine dischargeability of student loan debt. At Plaintiff's request, the court vacated Plaintiff's notice of dismissal. [Doc. # 9]. The purpose of vacating the notice of dismissal was so that Plaintiff could ask the court to authorize a refund of the $350 filing fee he paid for his complaint.

This adversary proceeding is now before the court on Plaintiff's motion for a refund of the filing fee, after determination of which he must file a new notice of voluntary dismissal of his complaint.

Plaintiff asks to have the $350 filing fee refunded by the Clerk because, as a Debtor in a case under Title 11, he asserts that he is excused from payment of the filing fee for an adversary complaint. Regardless whether that is the case, which it is, it does not automatically follow that Plaintiff is entitled to a refund of the fee. Counsel admits that the filing fee was paid by mistake.

Filing fees in bankruptcy are governed by statute. 28 U.S.C. § 1930. Section 1930(a) sets forth the filing fees for commencing title 11 cases and does not apply to adversary complaint filing fees. Section 1930(b) states, however, that "[t]he Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title." 28 U.S.C. § 1930(b). One of the "additional fees" prescribed by the Judicial Conference is a $350 fee for filing a complaint. Bankruptcy Court Miscellaneous Fee Schedule, ¶ 6, Eff. December 1, 2014.

Under 28 U.S.C. § 1930(f)(3), bankruptcy courts are permitted to waive other than on grounds of in forma pauperis status, *cf.* 28 U.S.C. § 1930(f)(1),(f)(2), the fees required under the statute on grounds not otherwise specified therein by Congress "in accordance with Judicial Conference policy." The statute also provides, however, that "[t]he clerk of the court may collect only the fees prescribed under this section." 28 U.S.C. § 1930(e). Nevertheless it does not address filing fee refund grounds or procedures. Nor do any of the Federal Rules of Bankruptcy Procedure. But Local Bankruptcy Rule 5080-1(a)[1] does address filing fee refund procedures, as follows:

> Neither the Clerk nor a Judge has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office. Refunds will not be permitted if a party files a document in error, even if the Court dismisses the case or proceeding or denies the relief requested.

Under Local Bankruptcy Rule 5080-1, the standard for court authorization to allow the refund of a filing fee is in the alternative: first, if the fee was collected without authority or second, if the fee was collected due to administrative error on the part of the clerk's office. There was no administrative error on the part of the Clerk's office in the payment process with respect to the standard $350 complaint filing fee paid by Plaintiff. And Counsel admits the fee was paid by mistake, which might seem to disqualify Plaintiff from a refund under Local Rule 5080-1. But was it also collected by the Clerk without authority?

---

[1] Local Bankruptcy Rule 5080-1 may be accessed through the court's website under the tab Rules and Procedures, Local Rules.

The sources to which this court traditionally looks to discern Judicial Conference fee policy, as referenced in the bankruptcy court fee statute, 28 U.S.C. § 1930(b) and (e), and "authority," within the meaning of Local Rule 5080-1, are two fold: a compilation called the Bankruptcy Fee Compendium and the Bankruptcy Court Miscellaneous Fee Schedule. While the statute and the bankruptcy rules do not address refund policies, the Bankruptcy Fee Compendium does, extensively so. Until recently, the Bankruptcy Fee Compendium, which this court has previously cited in a number of fee refund and payment situations, was a document publically available on this court's website. The Clerk of the United States Bankruptcy Court for the Northern District of Ohio has now removed the Bankruptcy Fee Compendium from the court's website and it is no longer a publically available document. Since it is no longer publically available as a source document for counsel and litigants to review and to understand the court's reasoning, the court has determined that it will no longer look to the Bankruptcy Fee Compendium as authority ro resolve contested fee payment issues. The court will therefore confine itself to the Bankruptcy Court Miscellaneous Fee Schedule to ascertain whether the fee at issue was "collected without authority."[2]

Under numbered paragraph 6 setting the fee for filing a complaint at $350, the Bankruptcy Court Miscellaneous Fee Schedule also states as follows at an unnumbered bubble and square: "○This fee must not be charged if- ■ the debtor is the plaintiff;...."

The court finds that Plaintiff is a debtor in underlying Chapter 13 Case No. 15-30853. The court further finds that, notwithstanding the admitted mistake of counsel in paying the filing fee, that the $350.00 filing fee for Plaintiff's complaint was collected by the Clerk without authority. The court bases this finding on Judicial Conference policy as to the authority of the Clerk as it appears from the language of the Bankruptcy Court Miscellaneous Fee Schedule quoted above.[3] Debtors such as Plaintiff are not in this rendering simply afforded an exemption to be claimed from paying complaint filing fees, in which case counsel's payment of the fee would simply be a non-refundable mistake. Rather, they "must not be charged" the $350 filing fee by the Clerk, as Plaintiff was. That language in the Bankruptcy Court

---

[2] The Bankruptcy Court Miscellaneous Fee Schedule is published on the United States Courts' website at www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule. It may be accessed through this court's website at a link under the tab Court Info, Filing Fees, Miscellaneous Fee Schedule, Miscellaneous Fee Schedule.

[3] This motion would be decided differently if the court were still able to rely upon and publically cite the Bankruptcy Fee Compendium as a source of Judicial Conference policy and the Clerk's authority.

3

Miscellaneous Fee Schedule as the source of Judicial Conference Policy speaks directly to the Clerk's lack of authority to collect the filing fee in the first place under 28 U.S.C. § 1930(b) and (e) and Local Rule 5080-1.

      **THEREFORE,** based on the foregoing reasons and authorities,

      **IT IS ORDERED** that Plaintiff's Motion For Return of Court Fees [Doc. # 11] is **GRANTED**; and

      **IT IS FURTHER ORDERED** that the Clerk of Court must refund the $350.00 filing fee collected electronically from Attorney Paul H. Duggan on behalf of the Plaintiff Christopher Paul Richmond on May 22, 2015, Receipt number 31816733, in connection with the filing of the complaint herein. The $350.00 filing fee collected by the Clerk without authority must forthwith be refunded to counsel for Plaintiff, Paul H. Duggan, 1426 E. High Street, Bryan, OH 43506; and

      **IT IS FINALLY ORDERED** that upon receipt of the refund counsel must handle it in accordance with his fee agreement with Plaintiff, including immediately refunding it to Plaintiff if appropriate.

# # #